UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RONALD McANINCH,

                              Plaintiff,

                                                          **Hon. Hugh B. Scott**

                    v.                                    06CV268E

                                                          **Report
                                                          and
                                                          Recommendation**

MICHAEL J. ASTRUE Commissioner of
Social Security[1],

                              Defendant.

Before the Court is defendant's motion for judgment on the pleadings (Docket No. 7[2]).

## <u>INTRODUCTION</u>

This is an action brought pursuant to 42 U.S.C. § 405(g) to review the final determination

of the Commissioner of Social Security that plaintiff is not disabled and, therefore, is not entitled

to Supplemental Security Income ("SSI") benefits.

---

[1]On February 12, 2007, Michael J. Astrue was sworn in as Commissioner of Social Security.  Pursuant to Federal Rule of Civil Procedure 25(d)(1), Mr. Astrue is substituted for now former Commissioner Jo Anne B. Barnhart as Defendant in this action; no further action is required, 42 U.S.C. § 405(g).

[2]In support of this motion, defendant filed (with the administrative record) his memorandum, Docket No. 8; reply memorandum, Docket No. 14.  In opposition, plaintiff filed his memorandum, Docket No. 10.
        Defendant in reply argues that plaintiff has cross-moved for judgment on the pleadings, Docket No. 14, Reply Memo. at 1, but no such motion has been filed.

## PROCEDURAL BACKGROUND

The plaintiff, Ronald McAninch ("McAninch" or "plaintiff"), filed an application for SSI benefits on September 29, 2003[3]. That application was denied initially and on reconsideration. The plaintiff appeared before an Administrative Law Judge ("ALJ"), who considered the case <u>de novo</u> and concluded, in a written decision dated August 24, 2005, that the plaintiff was not disabled within the meaning of the Social Security Act. The ALJ's decision became the final decision of the Commissioner on March 17, 2006, when the Appeals Council denied plaintiff's request for review.

Plaintiff commenced this action on April 21, 2006 (Docket No. 1). Defendant moved for judgment on the pleadings (Docket No. 7). Upon requests for extension of time, responses were due by February 2, 2007 (Docket No. 9, <u>see</u> Docket No. 5), and defendant was granted leave to file a reply brief by February 26, 2007 (Docket No. 12). The motion initially was to be heard on oral argument (<u>see</u> Docket Nos. 5, 9, 12), but the Court determined the motion on the papers and deemed the matter submitted on February 26, 2007 (Docket No. 13).

## FACTUAL BACKGROUND[4]

Plaintiff was 33 years old when the Complaint was filed (Docket No. 1, Compl. ¶ 7). His education was limited and he has no relevant work experience since he has not worked since June 2000 (<u>id.</u>). He tried to work as a drywaller in 2002 but could not perform that job (R. 17).

---

[3]As noted by the parties, Docket No. 10, Pl. Memo. at 2 n.3; Docket No. 14, Def. Reply Memo. at 1-2, plaintiff also filed an SSI benefits application in 2000 which he did not administratively appeal. Plaintiff points to the record in that application as support for his 2003 application. The 2000 application is not before this Court.

[4] References noted as "(R.___)" are to the certified record of the administrative proceedings.

He claims that he was disabled from June 15, 2000, due to back pain, depression, and anxiety (R. 74, 103, 451, 457; Docket No. 8, Def. Memo. at 1).  The period at issue is from September 29, 2003, when plaintiff applied for SSI payments at issue here, through August 25, 2005, when the ALJ rendered his decision (Docket No. 8, Def. Memo. at 2-3).  Defendant argues that plaintiff's protective application of September 2000 was not reviewed administratively hence was not preserved for judicial review (id. at 3 n.2).

## MEDICAL AND VOCATIONAL EVIDENCE

In 2000 plaintiff fell and after which he complained of mid lower thoracic pain (R. 18). A consultative orthopedic evaluation in December of that year suggested that his symptoms were consistent with a compression fracture of the lower thoracic spine (id.).  In November 2003, plaintiff claimed that he could not do lifting due to back problem and that he could only walk about 1,000 feet before he had problems with his legs (R. 17).  He also claimed that he could not stand for longer than 30 minutes due to back and leg pain, he complained of headaches that caused dizziness (id.).  Plaintiff stated that he had a hard time getting along with other people and found being with people irritating, and he admitted that he lost jobs due to fighting or arguments (R. 18).  In September 2004, Dr. Patricia Danaher reported in a Medical Examination for Employability Assessment, Disability Screening and Alcoholism/Drug Addiction Determination form that plaintiff's diagnoses were a history of thoracic compression fracture, history of limited education, and questionable history of ADHD (R. 19).

Plaintiff also was treated for depression, anxiety, and alcoholism.  Plaintiff attended court ordered alcoholism counseling in December 2002 to May 2004.  (R. 20.)  He sought treatment from Dr. John Napoli and social worker Peter Tarbrake, and had consultative evaluations by

Dr. K. C. Sharma in 2001[5] (id.).  Plaintiff told Dr. Sharma that he did not take psychiatric

medication nor did he participate in any counseling at that time (id.).  Plaintiff admitted that he

had three beers prior to Dr. Sharma's evaluation (id.).  Dr. Sharma determined plaintiff's IQ to be

88, but opined that his true intellectual capacity was in the average range (R. 21).  Plaintiff's

reading and spelling grades, however, suggested to Dr. Sharma a learning disability (id.).

Dr. Sharma had the opinion that the plaintiff had work-related problems regarding concentration,

memory, and ability to get along with others due to poor attention span and personality problems,

and diagnoses of ADHD, learning disorder, personality disorder not otherwise specified with

antisocial traits, and alcohol dependence in remission (R. 21, 416).

   ALJ William Pietz found that plaintiff was not disabled and could perform a number of

jobs in the national economy (R. 26; Docket No. 8, Def. Memo. at 1-2).  The ALJ distinguished

between plaintiff with and without alcohol abuse.  Absent alcohol abuse, the ALJ determined that

the plaintiff could perform light work with some limitations on bending and twisting.  The ALJ

noted that plaintiff also had moderate restrictions in performing activities of daily living,

moderate difficulties maintaining social functioning, moderate difficulties maintaining

concentration, persistence and pace, and that he has experienced one or two episodes of

decompensation or deterioration.  With alcohol abuse, however, plaintiff had a poor ability to

follow instructions that restricted his ability to perform even light work.  (R. 23-24.)  The ALJ

only considered Dr. Cirpili and social worker Peter Tarbrake's report for affects of alcohol abuse

---

[5]Incorrectly dated by plaintiff as being in 2000, see Docket No. 10, Pl. Memo. at 5; cf. id. at 3.

(R. 24).  The ALJ found that the allegations of disabling ADHD were not supported by the record (R. 24).

As a younger individual under the Medical Vocational Guidelines within the Social Security regulations, the ALJ found that plaintiff had a limited education and no transferable skills, but since he could perform light work under the Guidelines he was determined not to be disabled (R. 25).  The ALJ also sought the opinion of a vocational expert, who opined that with plaintiff's alcohol abuse plaintiff could not concentrate (R. 25, 484).

## DISCUSSION

The only issue to be determined by this Court is whether the ALJ's decision that the plaintiff was not under a disability is supported by substantial evidence.  See 42 U.S.C. § 405(g); Rivera v. Sullivan, 923 F.2d 964, 967 (2d Cir. 1991).  In particular, plaintiff objects to the ALJ not considering his claimed mental difficulties separate from his use of alcohol (see Docket No. 10, Pl. Memo. at 4-5).  Substantial evidence is defined as "'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated  Edison Co. v. National Labor Relations Bd., 305 U.S. 197, 229 (1938)).

*Standard*

For purposes of both Social Security Insurance and disability insurance benefits, a person is disabled when he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A).

Such a disability will be found to exist only if an individual's "physical or mental impairment or impairments are of such severity that [he or she] is not only unable to do [his or her] previous work but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

The plaintiff bears the initial burden of showing that his impairment prevents him from returning to her previous type of employment.  Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982).  Once this burden has been met, "the burden shifts to the [Commissioner] to prove the existence of alternative  substantial gainful work which exists in the national economy and which the plaintiff could perform."  Id.; see also Dumas v. Schweiker, 712 F.2d 1545, 1551 (2d Cir. 1983); Parker v. Harris, 626 F.2d 225, 231 (2d Cir. 1980).

In order to determine whether the plaintiff is suffering from a disability, the ALJ must employ a five-step inquiry:

> (1) whether the plaintiff is currently working;
>
> (2) whether the plaintiff suffers from a severe impairment;
>
> (3) whether the impairment is listed in Appendix 1 of the relevant regulations;
>
> (4) whether the impairment prevents the plaintiff from continuing his past relevant work; and
>
> (5) whether the impairment prevents the plaintiff from doing any kind of work.

20 C.F.R. §§ 404.1520 & 416.920; Berry, supra, 675 F.2d at 467.  If a plaintiff is found to be either disabled or not disabled at any step in this sequential inquiry, the ALJ's review ends.

20 C.F.R. §§ 404.1520(a) & 416.920(a); <u>Musgrave v. Sullivan</u>, 966 F.2d 1371, 1374 (10th Cir.

1992).  However, it should be noted that the ALJ has an affirmative duty to fully develop the

record.  <u>Gold v. Secretary</u>, 463 F.2d 38, 43 (2d Cir. 1972).

     In order to determine whether an admitted impairment prevents a claimant from

performing his past work, the ALJ is required to review the plaintiff's residual functional capacity

and the physical and mental demands of the work he has done in the past.  20 C.F.R. §§

404.1520(e) & 416.920(e).  When the plaintiff's impairment is a mental one, special "care must

be taken to obtain a  precise description of the particular job duties which are likely to produce

tension and anxiety, e.g. speed, precision, complexity of tasks, independent judgments, working

with other people, etc., in order to determine if the claimant's mental impairment is compatible

with the performance of such work."  <u>See</u> Social Security Ruling 82-62 (1982);  <u>Washington v.

Shalala</u>, 37 F.3d 1437, 1442 (10th Cir. 1994).  The ALJ must then determine the individual's

ability to return to his past relevant work given his residual functional  capacity.  <u>Washington</u>,

<u>supra</u>, 37 F.3d at 1442.

*Application*

     In the instant case, plaintiff does not challenge the findings of the ALJ that plaintiff

physically could perform light work (with some limitations).  Plaintiff argues that the ALJ's

findings regarding his mental condition were not supported by substantial evidence (Docket

No. 10, Pl. Memo. at 4-5).  He faults the ALJ for not finding a medical rationale for determining

that his mental problems were related to plaintiff's alcohol use (R. 414-16; <u>cf.</u> R. 23-24, 20-21

(2001 Sharma report)), despite Dr. Sharma's 2001 report (R. 416; Docket No. 10, Pl. Memo. at

5; <u>cf.</u> R. 23-24) that plaintiff has a learning disability and personality disorders that were not

responsive to treatment.  Reports from Dr. Cirpili and Mr. Tarbrake after plaintiff stopped

drinking showed that his mental condition did not improve (Docket No. 10, Pl. Memo. at 5).

Plaintiff concludes that his mental impairments alone are sufficient to warrant a finding of

disability (id. at 5-6).  Plaintiff seeks a remand on the sole issue of calculating benefits.

Alternatively, he asks that if this matter is remanded that it be assigned to a new ALJ, given the

repeated hearings before ALJ Pietz on plaintiff's applications.  (Id. at 6).

    The Commissioner argues that plaintiff's 2000 application was never reviewed on the

administrative level (Docket No. 14, Def. Reply Memo. at 2) and reliance on judicial review of

that application (which never occurred) must be dismissed or is time barred if sought now (id. at

4, 4 n.2; cf. Docket No. 10, Pl. Memo. at 5).  The Commissioner argues that plaintiff fails to

demonstrate that he was disabled between September 29, 2003, and August 24, 2005, or that the

ALJ incorrectly found that he could physically perform light work (Docket No. 14, Def. Reply

Memo. at 4).

    The ALJ found that plaintiff could perform light work absent alcohol, but had difficulties

concentrating when alcohol is added (R. 23-24), but the ALJ did not consider plaintiff's other

claimed mental impairments apart from alcohol use, but only deeming his conditions to be

"moderate" despite one or two episodes of decompensation or deterioration (cf. R. 23).  The ALJ

only considered Dr. Cirpili and Mr. Tarbrake's joint report for affects of alcohol abuse (R. 24,

see R. 262-63) and not for plaintiff's other mental conditions.  The ALJ found that the allegations

of disabling ADHD were not supported by the record (R. 24).  The matter should be remanded to

the ALJ to consider the impact of plaintiff's mental impairments upon his ability to perform

work, putting to one side plaintiff's alcohol use.  The record, however, is not clear enough to warrant a remand limited only to calculation of damages.

## **CONCLUSION**

For the foregoing reasons, this Court recommends that the decision of the Commissioner be **REVERSED** and this matter be **REMANDED** for further administrative proceedings. Defendant's motion for judgment on the pleadings (Docket No. 7) should be **denied**.


Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy to the Report & Recommendation to all parties.

**Any objections to this Report & Recommendation *must* be filed with the Clerk of this Court *within ten (10) days* after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and W.D.N.Y. Local Civil Rule 72.3(a).  <u>Failure to file objections to this report & recommendation within the specified time or to request an extension of such time waives the right to appeal any subsequent district court's order adopting the recommendations contained herein.</u>** <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>F.D.I.C. v. Hillcrest Associates</u>, 66 F.3d 566 (2d Cir. 1995); <u>Wesolak v. Canadair Ltd.</u>, 838 F.2d 55 (2d Cir. 1988).

The District Court on <u>de novo</u> review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance.  <u>See</u> <u>Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co.</u>, 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

So Ordered.

<u>/s/ Hugh B. Scott</u>

Hon. Hugh B. Scott
United States Magistrate Judge

Buffalo, New York
March 19, 2007