```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____
RONALD McANINCH

                       Plaintiff,         06-CV-268

           v.                             **DECISION**
                                                   **and ORDER**
MICHAEL J. ASTRUE,
Commissioner of Social Security

                       Defendant.
_____

## INTRODUCTION

Plaintiff Ronald McAninch ("McAninch", brings this action pursuant to Title II of the Social Security Act, § 201 et. seq. (Codified at 42 U.S.C. § 401 et. seq.) claiming that the Commissioner of Social Security improperly denied his application for supplemental security income benefits. Specifically, McAninch alleges that the Commissioner's decision was erroneous because it was not supported by the substantial evidence contained in the record, or was legally deficient.

The Commissioner moves for judgment on the pleadings on grounds that the ALJ's decision was correct, was supported by substantial evidence, and was made in accordance with applicable law. McAninch opposes the defendant's motion.

This matter was referred to Magistrate Judge Hugh B. Scott on June 12, 2006 by Judge John T. Elfvin to make a determination of the factual and legal issues presented, and to prepare and file a

Report and Recommendation ("R&R") containing a recommended disposition of the issues raised. By Report and Recommendation dated March 19, 2007, Judge Scott recommended that this case be remanded to the Commissioner for further administrative proceedings. Thereafter, on April 2, 2007, the defendant filed objections to Judge Scott's Report and Recommendation.

For the reasons set forth below, I affirm Judge Scott's Report and Recommendation, deny the Commissioner's motion for judgment on the pleadings, and remand this case to the Commissioner for development of the record in accordance with this Decision and Order.

## BACKGROUND

Plaintiff Ronald McAninch claims that he is disabled as a result of back pain, depression, mental impairments, anxiety, and attention deficit-hyperactivity disorder ("ADHD"). The ALJ, however, found that none of the plaintiff's alleged conditions, either standing alone or in combination, constituted a disability under the Social Security Act. The ALJ further found that although the plaintiff suffered from alcohol abuse, and that plaintiff's reduced plaintiff's ability to concentrate, the plaintiff's alcohol abuse, when considered in addition to his other impairments, did not render him unable to perform light work.

Plaintiff objects to the ALJ's findings, and contends that there is substantial evidence in the record to support his

disability claim.  Specifically, plaintiff contends that the ALJ did not adequately consider all of his mental impairments when determining that he did not suffer from a disabling condition.

In his Report and Recommendation, Judge Scott determined that the ALJ did not fully consider <u>all</u> of the plaintiff's mental conditions, including alleged low I.Q., learning disabilities, and personality disorders in determining that plaintiff was capable of working.  He found that because the record was not complete with respect to the ALJ's analysis of those conditions, remand for further development of the record was required.

The Commissioner objects to the Magistrate Judge's Report and Recommendation claiming that the ALJ did indeed properly consider the impact of plaintiff's mental impairments (absent his alcohol dependency) on his ability to work.  In support of his argument, the Commissioner alleges that there was substantial evidence in the record to support the ALJ's finding that plaintiff was not disabled, that he retains the residual functional capacity to perform light work, and that there were a significant number of jobs in the national economy which he could perform.

## **DISCUSSION**

I. <u>Standard of Review</u>

Pursuant to 28 U.S.C. § 636(b)(1), after the filing of a Report and Recommendation, any party may serve and file written

objections to such proposed findings and recommendations. After such filing,

> [a] judge of the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.

28 U.S.C. § 636(b)(1). A district court, however, may not reject the credibility findings of a Magistrate Judge without conducting an evidentiary hearing in which the district court has the opportunity to observe and evaluate witness credibility in the first instance. Cullen v. United States, 194 F.3d 401 (2nd Cir. 1999). I apply these standards to the following analysis.

   II.   The ALJ failed to consider all of plaintiff's impairments in determining whether or not he is capable of performing light work.

I find that Magistrate Judge Scott's recommendation that the matter should be remanded to the ALJ "to consider the impact of plaintiff's mental impairments upon his ability to perform work, putting [aside] plaintiff's alcohol use" is supported by the record, and correct as a matter of law.

"The standard of review for courts reviewing administrative findings regarding disability benefits . . . is whether the Administrative Law Judge's findings are supported by substantial evidence." Montalvo v. Barnhart, 457 F.Supp.2d 150, 151 (W.D.N.Y., 2006 (Elfvin, J)(citing Richardson v. Perales, 402 U.S. 389, 401

(1971)). "Substantial evidence requires enough evidence that a reasonable person could 'accept as adequate to support a conclusion.'" Montalvo, 457 F.Supp.2d at 151 (quoting Consolidated Edison Co. v. National Labor Relations Bd. 305 U.S. 197, 229 (1938)).

In this case, Judge Scott found that the ALJ's determination that plaintiff is not disabled was not supported by the record because the ALJ failed to adequately consider plaintiff's alleged mental impairments in their totality, and did not adequately consider whether or not in light of those impairments, the plaintiff would be disabled absent alcohol abuse. (Report and Recommendation at p. 8)  I agree with this conclusion.  It is not clear from the record that the ALJ adequately considered the report of Dr. Sharma indicating that the plaintiff suffered from a learning disability and personality disorders that were independent of his alcoholism.  The record is also unclear as to whether or not the ALJ considered the report of Dr. Cirpili and Mr. Tarbake as it related to plaintiff's mental conditions independent of alcohol abuse.  Because the record is not adequately developed with respect to the existence and severity of plaintiff's alleged mental conditions related to learning disabilities, personality disorders, and low I.Q., the case must be remanded to the Commissioner for consideration of those conditions, and whether or not those

conditions, when considered independently of plaintiff's alcohol abuse, constitute a disability under the Social Security Act.

## **CONCLUSION**

For the reasons set forth above, it is hereby ordered that Judge Scott's March 19, 2007 Report and Recommendation is adopted in its entirety, and the Commissioner's motion for judgment on the pleadings is denied.  This case is remanded to the Commissioner for further proceedings consistent with this Decision and Order.

ALL OF THE ABOVE IS SO ORDERED.

          s/Michael A. Telesca
          MICHAEL A. TELESCA
     United States District Judge

Dated:    Rochester, New York
          October 12, 2007